**BRYAN T. DAKE**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, MT  59403**
**119 First Ave. North, Suite 300**
**Great Falls, MT  59403**
**Phone:  (406) 761-7715**
**FAX:  (406) 453-9973**
**E-mail:   Bryan.Dake@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        **Plaintiff,**<br><br>  **vs.**<br><br><br>**GARY JOSEPH CONTI,**<br><br>        **Defendant.** | **CR 16-18-GF-BMM**<br><br><br><br>**UNITED STATES' SENTENCING**<br>**MEMORANDUM** |

The United States of America, by and through Bryan T. Dake, Assistant U.S. Attorney for the District of Montana, provides the court with a memorandum in aid of sentencing of the defendant.

## INTRODUCTION

On May 22, 2014, the Defendant Gary Conti was convicted at trial of 27 counts, related to fraud, money laundering, false claims, and theft.  *United States v. Gary Conti,* 4:13-cr-00065-BMM-3. (*See* Doc. 200).  On October 8, 2015, the Defendant was sentenced to serve a sixty-month term of imprisonment.  Around October 30, 2015, the Defendant became a federal fugitive by escaping custody at FCI Englewood (Colorado).  He engaged in a high-speed pursuit with law enforcement near Bozeman and was apprehended after a crash.

## BRIEF SUMMARY

On August 31, 2016, Mr. Conti pled guilty to the Indictment charging him with Escape.  PSR ¶ 3.  The Presentence Investigation Report (PSR) has calculated a criminal history category of III, with a total criminal history score of 5.  PSR ¶¶ 39, 89.  The PSR has also calculated a guideline imprisonment range of 18 to 24 months.  PSR ¶ 89.  The defendant has one unresolved objection to the PSR, which is addressed below.

The government recommends a guideline sentence, consecutive to the Defendant's present term of incarceration for his underlying federal felony, followed by a period of supervised release of five years, concurrent to his present term for his underlying felony, and a special assessment of $100.

# ARGUMENT

## I.     The Offense Conduct

On October 20, 2016, the Defendant walked away from FCI Englewood.  He had been sentenced by this Court to 60-months incarceration following his conviction in *United States v. Gary Conti,* 4:13-cr-00065-BMM.  The Defendant obtained money from a friend and made his way back to Montana.  Local law enforcement received notification of the Conti's Escape status and were alerted that the Defendant had vowed not to return to prison if caught.  PSR ¶ 10.

Once in Montana, the Defendant borrowed a vehicle from a friend in an attempt to make his way home to Three Forks, Montana.   However, Bozeman Police observed the fugitive Defendant and attempted to stop his vehicle.  PSR ¶12.  The Defendant led law enforcement on a high speed chase, estimated to be around 90 to 100 mph, through multiple jurisdictions. *Id.*  Law enforcement officers exited their parked vehicles in the cross-over lane on I-90, activated their emergency lights, and placed stop-sticks in both lanes of traffic in an effort to apprehend the Defendant.  The Defendant deliberately moved from the driving lane to the passing lane, which was closer to the patrol vehicles.  PSR ¶ 14. Still driving approximately 90 mph, he ran over the stop-sticks, steered to the left, and struck one of the unoccupied patrol cars.  *Id*.

## II.    Sentencing Analysis

Section 3553(a) of Title 18 of the United States Code contains prefatory language —"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  Those purposes include the need for the sentence to:

- reflect the seriousness of the offense;

- promote respect for the law;

- provide just punishment for the offense;

- afford adequate deterrence to criminal conduct;

- protect the public from further crimes of the defendant; and,

- provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) sets forwards additional considerations for the Court when imposing an appropriate sentence.  "[T]he nature and circumstances of the offense and the history and characteristics of the defendant" and the "kinds of sentences available" should be considered. 18 U.S.C. § 3553(a)(1),(3).  The Court should similarly consider the sentencing guidelines and policy statements, as well as "the need to avoid unwarranted sentencing disparities."  18 U.S.C. §3553(a)(4),(5),(6). Finally, the Court should consider "the need to provide restitution to any victims of the offense."  18 U.S.C. §3553(a)(7).

Beyond statutory guidance, the Court is directed to the sentencing guidelines promulgated from the Sentencing Commission.  Calculating an accurate sentencing guideline range is the appropriate start for the Court.  *Rita v. U.S.*, 551 U.S. 338, 347-348 (2007).  Calculating and referencing to the sentencing guidelines allows defendants to start out with equal treatment and possible consequences, instead of being subjected to "the luck of the draw."  *Gall v. United States*, 552 U.S. 38, 49 (2007).

The Court cannot, without explanation, ignore a sentencing factor or "shrug off" the Sentencing Commission's statements of policy.  *United States v. Bragg*, 582 F.3d 965, 970 (9th Cir. 2009).   If a district court contemplates a non-guidelines sentence, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50.

### III.    PSR Objections

Defendant Gary Conti has one unresolved objection to the PSR.  He disputes that he intentionally aimed his vehicle at the patrol cars and simply thought he saw a pedestrian along the right side of the road and swerved to the left to avoid them. These factual objections are noted in the offense conduct of the PSR and the government notes that the factual details regarding Conti's crash were obtained from

a review of police reports and an interview of Park County Sergeant Brad Bichler. PSR ¶ 6.

## IV. Sentencing Recommendation

The United States respectfully recommends a consecutive guideline sentence and a $100 special assessment.

Conti was sentenced to 60 months' incarceration, and after serving only six months of his sentence, escaped from FCI Englewood Prison Camp. Prior to his escape, he sent a letter to his wife advising her of his intention to end his life. An alert was issued to local law enforcement after his escape warning them of Conti's suicidal tendencies and alerting them that he "vowed" not to return to prison. Officers located Conti and as they attempted to perform a traffic stop, he fled at a very high rate of speed, ultimately leading officers on a high speed chase with speeds in excess of 90 to 100 miles per hour. Conti's actions put both law enforcement and the general public in harm's way.

The serious nature of the offense is important. Conti did not simply walk away from a minimum-security, non-secure prison camp, only to return several hours later. His actions were more far more serious and detrimental. Conti left and had no intention of returning. He made his way back to Montana, presumably with an intention on hurting himself, however, he also placed the lives of others in jeopardy. Escape not only impacts the safety of an inmate, who

was previously committed to the custody of the Bureau of Prisons, it also impacts

the well-being of individuals who may come in contact with the escapee.  Law

enforcement who engaged in a high-speed chase with Conti, as well as innocent

bystanders on or near I-90, were directly impacted by Conti's actions.

A sentence imposed by the Court should promote a respect for the law and

provide adequate deterrence, both to Conti and the general public.  A consecutive

guideline sentence of incarceration is the appropriate sentence in this case, in

accordance with the presumption created under 18 U.S.C. § 3584, which affirms

that multiple terms of imprisonment imposed at different times shall run

consecutively.  Furthermore, pursuant to USSG § 5G1.3, if the instant offense

was committed while the defendant was serving a term of imprisonment, the

sentence shall run consecutively to the undischarged term of imprisonment. The

fact that a prisoner escapes from a non-secure facility, rather than from a secure

prison, should not a permissible justification for a downward departure in

sentence, unless he or she returns voluntarily within the requisite time, and Conti

did not.  *See United States v. McGann*, 960 F.2d 846 847 (9th Cir. 1992)

(sentenced to 37 months' imprisonment for approximately one-year escape);

*United States v. Batts,* 758 F.3d 915 (8th Cir. 2014) (sentenced to 24 months'

imprisonment for escape); *United States v. McCullough,* 53 F.3d 164, 165 (6th

Cir. 1995) (sentenced to 27 months' imprisonment for escape); *United States v.*

*Stalbaum,* 63 F.3d 537, 540 (7th Cir. 1995); and *United States v. Hillstrom,* 988 F.2d 448 (3rd Cir. 1993).  Without a consecutive sentence, the crime of escape has only indirect and collateral consequences on an inmate (e.g. an additional felony conviction and a likely change in status with the Bureau of Prisons).

A consecutive guideline sentence is appropriate, and should deter Conti from engaging in this sort of criminal activity in the future.  Conti must understand a respect for the law and realize that this conduct will not be tolerated.

DATED this 19th day of October, 2016.

MICHAEL W. COTTER
United States Attorney


/s/ Bryan T. Dake
BRYAN T. DAKE
Assistant U.S. Attorney
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule, this certifies that the body of the attached response

contains 1,424 words, excluding the caption and certificate of compliance.

MICHAEL W. COTTER
United States Attorney


/s/ Bryan T. Dake
BRYAN T. DAKE
Assistant U.S. Attorney
Attorney for Plaintiff